**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-22-02119-001-TUC-RM (BGM) |
| Plaintiff, | **ORDER** |
| v. | |
| JaQwan Lamar Shelton - 001<br>Davonta Lewis Hunt - 002, | |
| Defendants. | |

On August 7, 2023, Magistrate Judge Bruce G. Macdonald issued a Report and Recommendation ("R&R") (Doc. 52) recommending that this Court deny Defendants JaQwan Lamar Shelton and Davonta Lewis Hunt's Motion to Suppress (Doc. 39). Defendants filed an Objection to the Report and Recommendation (Doc. 59), and the Government responded (Doc. 60).

## I.      Background[1]

Defendants are charged with Conspiracy to Transport Illegal Aliens for Profit and Transportation of Illegal Aliens for Profit in violation of 8 U.S.C. § 1324.  (Doc. 21.)

On September 1, 2022, United States Border Patrol Agent Robert Guzman received intelligence that a Phoenix rental agency had reported that a yellow H2 Hummer with a given license plate number was possibly transporting undocumented non-citizens. (Doc. 52 at 2.)    At around 6:25 a.m., Agent Guzman spotted the vehicle driving northbound on Highway 90 and began to follow it.  (*Id.*)  He verified the vehicle was

[1] This factual summary is based on Magistrate Judge Macdonald's Findings of Fact, to which no party made specific objections.

1   registered to a rental car company, and he observed the driver of the vehicle throwing his

2   hands in the air, as if in a panic.  (*Id.* at 2-3.)  Agent Guzman turned on his lights and

3   siren, and the Hummer pulled over onto the I-10 ramp.  (*Id.* at 3.)  As Agent Guzman

4   started to get out of his patrol car, the Hummer accelerated and headed west on I-10.

5   (*Id.*)  A pursuit followed, during which the Hummer exited I-10, turned onto a dirt road,

6   stopped to allow several men dressed in camouflage to exit into the desert, then

7   accelerated again and drove through a fence before eventually pulling over near I-10 mile

8   marker 287.  (*Id.*)  The driver of the vehicle was identified as Defendant JaQwan Shelton,

9   and the sole remaining passenger was identified as Defendant Davonta Hunt.  (*Id.*)  The

10  men in camouflage who exited the Hummer into the desert were later apprehended and

11  determined to be Mexican citizens present illegally in the United States.  (*Id.*)

12       On June 5, 2023, Defendants moved to suppress all evidence obtained as a result

13  of the September 1, 2022 stop, arguing that Agent Guzman lacked reasonable suspicion.

14  (Doc. 39.)  Magistrate Judge Macdonald held an evidentiary hearing (Doc. 46), and

15  thereafter issued the pending R&R recommending that this Court deny the Motion to

16  Suppress (Doc. 52).  The R&R finds that, under the totality of the circumstances, Agent

17  Guzman did not have a particularized and objective basis supporting reasonable suspicion

18  to conduct the stop on the I-10 ramp, but that Defendants were not seized during that stop

19  because they did not submit to Agent Guzman's authority.  (Doc. 52 at 4-13.)  The R&R

20  further finds that Defendants' flight from the I-10 ramp created reasonable suspicion

21  making Agent Guzman's post-chase seizure lawful.  (*Id.* at 12.)

22       Defendants object, arguing that they were seized when they pulled over onto the I-

23  10 ramp because they yielded in response to Agent Guzman's authority, albeit briefly.

24  (Doc. 59 at 3-7.)  Defendants further argues that even if this Court finds that the stop on

25  the I-10 ramp was not a seizure, Defendants' subsequent flight is insufficient on its own

26  to create reasonable suspicion of criminal activity, as Defendants may have fled due to

27  fear or confusion.  (*Id.* at 7-11.)

28       In response, the Government argues that Defendants did not submit to Agent

- 2 -

1    Guzman's authority when they pulled the Hummer over onto the I-10 ramp but, rather,
2    only paused deceptively until Agent Guzman had exited his patrol car.  (Doc. 60 at 3.)
3    The Government further argues that the totality of the circumstances, including the
4    subsequent flight and Agent Guzman's observation of several men dressed in camouflage
5    jumping out of the vehicle and running into the desert, created reasonable suspicion for
6    Agent Guzman's post-chase stop.  (*Id.* at 3-4.)

7    **II.    Standard of Review**

8    A district judge must "make a de novo determination of those portions" of a
9    magistrate judge's "report or specified proposed findings or recommendations to which
10   objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b)(3) ("The
11   district judge must consider de novo any objection to the magistrate judge's
12   recommendation").  Failure to object to the findings and recommendations of the
13   magistrate judge "waives a party's right to review."  Fed. R. Crim. P. 59(b)(2).

14   **III.    Discussion**

15   A person is seized within the meaning of the Fourth Amendment when he "is
16   physically forced to stop" or when he "submits to the officer's show of authority."
17   *United States v. Hernandez*, 27 F.3d 1403, 1406 (9th Cir. 1994).  If a subject does not
18   submit to a show of authority, there is no seizure.  *Id.*; *see also Brendlin v. California*,
19   551 U.S. 249, 254 (2007) ("there is no seizure without actual submission"); *California v.
20   Hondari D.*, 499 U.S. 621, 626-29 (1991) (suspect who fled officers was not seized until
21   tackled).  Momentary hesitation does not constitute submission to authority.  *Hernandez*,
22   27 F.3d at 1406-07; *see also United States v. Smith*, 633 F.3d 889, 893 (9th Cir. 2011) (a
23   suspect who merely "'pause[s] for a few moments'" does "'not submit in any realistic
24   sense to the officers' show of authority'" (quoting *United States v. Valentine*, 232 F.3d
25   350, 359 (3d Cir. 2000)).

26   Here, Defendant Shelton briefly yielded on the I-10 ramp after Agent Guzman
27   turned on his lights and siren, "but he drove off quickly before [Agent Guzman] even
28   reached the car."  *United States v. Washington*, 12 F.3d 1128, 1132 (D.C. Cir. 1994)

(finding no seizure where defendant briefly stopped his car after a police officer activated his sirens but then drove away).   Defendants' momentary pause does not constitute submission to authority.  *See id.*; *Smith*, 633 F.3d at 893; *Hernandez*, 27 F.3d at 1406-07.  Magistrate Judge Macdonald correctly determined that Defendants were not seized within the meaning of the Fourth Amendment during the initial stop on the I-10 ramp.

Magistrate Judge Macdonald also correctly determined that Agent Guzman had reasonable suspicion to conduct the post-chase stop of Defendants.   A suspect's "'headlong,' 'unprovoked' flight upon seeing a police officer, when it occurs in a high-crime" area, may be "sufficient to establish reasonable suspicion that the person is involved in criminal activity," even though the "individual's presence in an area of expected criminal activity, standing alone, is not enough."   *Smith*, 633 F.3d at 893-94 (quoting *Illinois v. Wardlow*, 528 U.S. 119, 124-25 (2000)).   In this case, Defendants' unprovoked flight occurred in an area commonly known for alien smuggling, at a time of day when smuggling activity was increased.   (Doc. 52 at 2, 7.)   Furthermore, during Defendants' flight, Agent Guzman observed several men dressed in camouflage exit Defendants' vehicle and run into the desert.   (*Id.* at 3.)   Given the totality of the circumstances, Agent Guzman had reasonable suspicion to stop Defendants near mile marker 287.

Accordingly,

**IT IS ORDERED** that Defendants' Objection (Doc. 59) is **overruled**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Doc. 52) is **accepted and adopted in full**.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

1     **IT IS FURTHER ORDERED** that Defendants' Motion to Suppress (Doc. 39) is
2  **denied**.
3          Dated this 27th day of September, 2023.

                                        _____
                                        Honorable Rosemary Márquez
                                        United States District Judge